IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GARY GLEN GRANTHAM, JR.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-0806-L |
| | § | |
| **CITY OF TERRELL, et al.**, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are Defendants' 12(b)(6) Motion to Dismiss[,] Alternative Motion for Rule 7(a) Reply[,] and Alternative Motion for More Definite Statement, filed July 2, 2007; Defendants' Motion to Quash Amended Complaint, filed October 1, 2007; and Defendants' Supplemental Motion to Quash Amended Complaint, filed October 3, 2007. After careful consideration of the motions, briefs, record and applicable law, the court **denies in part** and **grants in part** Defendants' 12(b)(6) Motion to Dismiss; **denies as moot** Defendants' Alternative Motion for Rule 7(a) Reply; **denies as moot** Defendants' Alternative Motion for More Definite Statement; and **grants** Defendants' Motion to Quash Amended Complaint and Defendants' Supplemental Motion to Quash Amended Complaint.

### I. Motion to Quash

The court first considers Defendants' Motion to Quash Amended Complaint and Defendants' Supplemental Motion to Quash Amended Complaint. Plaintiff Gary Glen Grantham ("Plaintiff" or "Grantham") originally filed this action on May 7, 2007, against the City of Terrell, Chief of Police Todd Miller ("Miller"), Officer Joshua Phillips ("Phillips"), and unknown officers. On July 2, 2007,

Defendants City of Terrell, Miller, and Phillips filed a motion to dismiss and an answer to Plaintiff's Original Complaint. On September 28, 2007, Grantham filed Plaintiff's First Amended Complaint. As Plaintiff did not seek leave of court or obtain the consent of Defendants to amend, Defendants contend that Plaintiff's First Amended Complaint should be quashed and stricken. Defendants also contend that Plaintiff's Original Complaint is subject to Defendants' Motion to Dismiss and related motions. In their supplemental motion, Defendants contend that the addition of three police officers – Joe Hobbs, Miguel Sanchez, and Lisa Reeves – to the lawsuit is barred because the relation-back doctrine under Fed. R. Civ. P. 15(c) does not apply and the two-year statute of limitations is therefore not tolled.

Defendants are correct that under the circumstances of this case, Plaintiff was required to obtain leave of court or their consent to file Plaintiff's First Amended Complaint. "A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served."[1] Fed. R. Civ. P. 15(a). In this case, Defendants filed an answer on July 2, 2007. Since an answer was filed, Plaintiff could not amend as a matter of course after this date. Rule 15(a) further provides that a party can otherwise amend only by leave of court or written consent of the adverse party. As neither was obtained by Plaintiff, he had no right to file the amended pleading. For the reasons stated, Plaintiff's First Amended Complaint was not filed in accordance with Rule 15(a), and Defendants are entitled to have it quashed. The court hereby **strikes** Plaintiff's First Amended Complaint.

---

[1]A party may also amend its pleading as a matter of course within 20 days after it is served "if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar." Fed. R. Civ. P. 15(a). These circumstances are not applicable to this case.

As the court strikes Plaintiff's First Amended Complaint, it now turns to Plaintiff's Original Complaint, the live pleading, and addresses Defendants' other motions. The court rules as set forth herein with respect to Plaintiff's Original Complaint ("Complaint") and the other motions filed by Defendants.

## II. Motion to Dismiss

### A. Standard for Dismissal for Failure to State a Claim

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to

[the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Federal Claims

#### 1. Excessive Force

The court believes that Plaintiff states sufficient facts to overcome a qualified immunity defense as to his excessive force claim against Defendant Phillips.[2] A plaintiff's claim for excessive force must be determined according to Fourth Amendment[3] standards because "*all* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth

---

[2]Defendants raise an issue regarding the relation-back doctrine under Rule 15(c) and the statute of limitations. The record is not fully developed at this juncture, and the court is unable to rule on the issue at this time. Once again, Plaintiff is to address this matter in his amended pleadings and set forth the conduct he alleges against any other police officer.

[3]Defendants characterize Plaintiff as a pretrial detainee and therefore contend that the analysis of Plaintiff's claim should be done pursuant to the Fourteenth Amendment. At this juncture, the court disagrees. From what the court can ascertain from Plaintiff's Complaint, Plaintiff was still an arrestee, as he was in the custody of the arresting officer(s), and booking procedures had not been completed. Under *Graham*, Plaintiff's excessive force claim is subject to a Fourth Amendment analysis.

Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original). The issue of reasonableness centers on whether the officer's actions are "objectively reasonable" in light of the facts and circumstances with which he is faced, without regard to the officer's underlying intent or motivation. *Id*. at 397. Whether the use of force is reasonable "must be judged from the perspective of a reasonable officer on the scene, rather than the 20/20 vision of hindsight." *Id*. at 396. In applying *Graham*, the Fifth Circuit uses a three-part test that requires a plaintiff to show "(1) an injury (2) which resulted directed and only from the use of force that was clearly excessive to the need (3) and the force used was objectively unreasonable." *Hathaway v. Bazany*, 507 F.3d 312, 320 (5th Cir. 2003) (citation omitted); *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000); *Williams v. Bramer*, 180 F.3d 699, 703-04 (5th Cir. 1999); *Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996); *Spann v. Rainey*, 987 F.2d 1110, 1115 (5th Cir. 1993); *Knight v. Caldwell*, 970 F.2d 1430, 1432-33 (5th Cir. 1992), *cert. denied*, 507 U.S. 926 (1993). Injury means damage or harm to the physical structure of the body, including diseases that naturally result from the harm. *Knight*, 970 F.2d at 1433.

Plaintiff states in his Complaint that he was not resisting the officer(s), violating the law, or causing any problems and that, without provocation, a Taser gun was used on him at least twice. Plaintiff's version differs from Defendant Phillips's version. If Plaintiff's version of the incident is believed by the trier of fact, the use of force would have been objectively unreasonable, and no reasonable officer could believe that the use of the Taser was reasonable; thus, he has stated sufficient facts to defeat or overcome Defendant Phillips's defense of qualified immunity.

## 2. Denial of Medical Care or Medical Attention

Under the Fourteenth Amendment, an official's act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights. *See Hare v. City of Corinth*, 135 F.3d 320, 324-26 (5th Cir. 1996) (citing to the court's *en banc* decision at 74 F.3d 633, 643 (5th Cir. 1996)). "Subjective deliberate indifference" is "subjective knowledge of a substantial risk of serious harm to a pretrial detainee" followed by a response of "deliberate indifference to that risk." *Id.* at 324; *see also Nerren v. Livingston Police Dep't*, 86 F.3d 469, 473 (5th Cir. 1996) (same).[4] Plaintiff must allege facts which show deliberate indifference, or at least allege facts from which one could reasonably infer that deliberate indifference is present. Applying this standard to Plaintiff's allegations, the court determines that Plaintiff has not alleged sufficient facts that, if proved true, put Defendants on fair notice and state a claim of deliberate indifference to his medical care or medical needs.

## 3. Supervisory Liability

The court is not certain whether Plaintiff attempts to recover against Defendant Miller under a theory of supervisory liability. A supervisory official has no liability on a section 1983 claim unless a plaintiff establishes personal involvement or participation on the part of the supervisor or a causal connection between an act of the supervisor and the alleged constitutional violation. *Hinshaw v. Doffer*, 785 F.2d 1260, 1263 (5th Cir. 1986). To establish supervisory liability in a failure to train or supervise case, Plaintiff must show that (1) Defendant Miller failed to train or

---

[4]In *Nerren*, the Fifth Circuit made explicit that an "arrestee's complaint for denial of due process and a pretrial detainee's complaint for denial of substantive due process are evaluated under the same standards." *Nerren*, 86 F.3d at 472. Moreover, the deliberate indifference standard applies to a denial of medical care claim whether it is brought by a convicted inmate pursuant to the Eighth Amendment or by a pretrial detainee pursuant to the Fourteenth Amendment. *See Hare*, 74 F.3d at 647-48.

supervise Defendant Phillips; (2) a causal connection existed between the failure to train or

supervise and the alleged violation of Plaintiff's constitutional rights; and (3) the failure to train or

supervise constituted deliberate indifference to Plaintiff's constitutional rights. *Roberts v. City of*

*Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). The allegations against Defendant Miller are far too

general and conclusory to serve notice on Defendants under Fed. R. Civ. P. 8(a) as to the basis of

Plaintiff's theory of recovery against Defendant Miller.

### 4. Municipal Policy

A governmental entity can be sued and subjected to monetary damages and injunctive relief

under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a

federally protected right. *Board of the County Comm'rs of Bryan County v. Brown*, 520 U.S. 397,

403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A

governmental entity *cannot* be liable for civil rights violations under a theory of respondeat superior

or vicarious liability. *Id. See also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Official

policy is defined as :

1.  A policy statement, ordinance, regulation, or decision that is officially
    adopted and promulgated by the [city] lawmaking officers or by an official
    to whom the lawmakers have delegated policy-making authority; or

2.  A persistent, widespread practice of [city] officials or employees which,
    although not authorized by officially adopted and promulgated policy, is so
    common and well-settled as to constitute a custom that fairly represents [city]
    policy. Actual or constructive knowledge of such custom must be
    attributable to the governing body of the [city] or to an official to whom that
    body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*) (per curiam); *Bennett v.*

*City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc*) (per curiam), *cert. denied*, 472 U.S. 1016

(1985). A plaintiff must identify the policy, connect the policy to the governmental entity itself and

show that his injury was incurred because of the application of that specific policy. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A plaintiff must establish that the governmental entity through its deliberate conduct was the "moving force behind the injury alleged" and must establish a direct causal link between the governmental entity's action and the deprivation of a federally protected right. *Bryan County v. Brown,* 520 U.S. at 404.

Liability must rest on official policy, meaning the governmental entity's policy, and not the policy of an individual official. *Bennett*, 728 F.2d at 769. The official complained of must possess

> [f]inal authority to establish [city] policy with respect to the action ordered. . . .The official must also be responsible for establishing final government policy respecting such activity before the [city] can be held liable. . . .[W]hether an official had final policymaking authority is a question of state law.

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-82 (1986). An employee, agency, or board of a governmental entity is not a policymaker unless the governmental entity, through its lawmakers, has delegated exclusive policymaking authority to that employee agency or board and *cannot* review the action or decision of the employee, agency or board. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Worsham v. City of Pasadena*, 881 F.2d 1336, 1340-41 (5th Cir. 1989).

When the alleged custom is based on a failure to train, such allegation can be the basis for liability under 42 U.S.C. §1983 only if the "failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Plaintiff's allegations regarding municipal liability appear to be based on an alleged custom or practice, rather than any specific promulgated policy. As such, Plaintiff must set forth allegations that establish, or allegations from which one could reasonably infer, that the alleged custom or practice resulted from deliberate indifference on the part of the municipality or an official to whom

policymaking authority was delegated.  The court merely cites the parameters of municipal liability to put Plaintiff on notice as to what he should ultimately establish to prevail.  Contrary to Defendants' assertion, a plaintiff need not allege *every* element of the basis for liability to defeat a motion to dismiss.  *See Swierkiewicz*, 534 U.S. at 511-13.  Moreover, all cases cited by Defendants to support their position predate the Court's decision in *Swierkiewicz*.  All that is required is fair notice; once fair notice is given, discovery can be used to "root out" and dispose of meritless claims. *Id*. at 512.  Plaintiff need not allege every element of municipal liability at the pleading stage or satisfy the evidentiary burden required to defeat summary judgment or to prevail at trial.  Plaintiff, however, must allege sufficient facts to put the City of Terrell on fair notice of the nature of the policy or custom that caused the alleged constitutional violation.  The allegations in Plaintiff's Complaint are far too conclusory to meet the notice requirements of Fed. R. Civ. P. 8(a).

### 5.  Punitive Damages

Plaintiff requests exemplary damages.  To the extent that Plaintiff requests punitive damages against the City of Terrell on his federal claims, such damages are precluded as a matter of law.  *City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247, 271 (1981).  Since no set of facts can be pleaded to state a claim, the court **grants** Defendants' Motion to Dismiss on the federal punitive damages claim.  With respect to the state law claims, Defendants contend that Tex. Civ. Prac. & Rem. Code § 101.024 (Vernon 2005) does not allow punitive damages.  The applicable provision states:  "This chapter does not authorize exemplary damages."  *Id*.  The words "[t]his chapter" refer to the Texas Tort Claims Act.  *Id*. § 101.002.  As Plaintiff will be required to replead his state law claims, and Plaintiff may plead a theory other than the Texas Tort Claims Act, the court declines to dismiss any

state law claims for punitive damages at this time, and **denies without prejudice** this part of the motion to dismiss.

### 6. "Official Capacity" Claims

When Plaintiff repleads, he is to state whether he is suing a defendant in his or her official capacity. The court will at that time determine which, if any, of the claims are redundant or unnecessary. Of course, the court prefers that the complaint be repleaded in such a manner that redundancy of claims is not an issue.

### C. State Law Claims

Plaintiff contends that his rights "protected by Article I, Section 19 of the Texas Constitution" "have been violated by the City." Plaintiff's Original Complaint § I. This phrase is simply too cursory and conclusory to even minimally apprise Defendants of the nature of Plaintiff's state law claims. The boilerplate language does not carry the day for Plaintiff. The court is unable to determine the bases for these claims or why Plaintiff is entitled to relief. The court, at best, would have to guess or speculate as to the theory of recovery that Plaintiff is pursuing. Accordingly, notice, as contemplated under Fed. R. Civ. P. 8(a), is insufficient.

### IV. Amendment of Pleadings

Although Plaintiff's pleadings are deficient in many respects, dismissal of Plaintiff's Complaint is not appropriate at this stage. Rule 15(a), Fed. R. Civ. P., directs that "leave [to amend] shall be freely given when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962). The appropriate remedy when granting a motion based on nonconforming or deficient pleadings is to grant the complainant time to amend the complaint. The decision to allow amendment of the pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.*, 19 F.3d

1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the court considers the following: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *Foman*, 371 U.S. at 182; *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983). The court determines that none of these factors warrants denying Plaintiff an opportunity to amend his Complaint so that he can state his allegations against Defendants with fair notice as required under Fed. R. Civ. P. 8(a). Accordingly, the court will allow Plaintiff an opportunity to file an amended complaint. The amended complaint shall cure the deficiencies identified herein by the court and set forth the necessary clarification ordered by the court.[5]

## V. Conclusion

For the reasons previously stated, the court **denies in part** and **grants in part** Defendants' 12(b)(6) Motion to Dismiss to the extent herein stated; **denies as moot** Defendants' Alternative Motion for Rule 7(a) Reply; **denies as moot** Defendants' Alternative Motion for More Definite Statement; and **grants** Defendants' Motion to Quash Amended Complaint and Defendants' Supplemental Motion to Quash Amended Complaint. Plaintiff **shall amend** his Complaint in accordance with the court's instructions as herein set forth, and **shall file** his amended complaint **no**

---

[5]As the court will order Plaintiff to replead in accordance with its determinations in this opinion, Defendants' motions for a reply and more definite statement are moot. The amended complaint, if the court's instructions are followed, will serve the objectives sought by these two motions.

**later than 5:00 p.m., January 7, 2008**.  Plaintiff's federal punitive damages claims are **dismissed with prejudice**.

      **It is so ordered** this 18th day of December, 2007.

Sam A. Lindsay
United States District Judge